IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE REVSTONE INDUSTRIES, LLC, *et al.*, | : | Chapter 11 |
| | : | Bankr. No. 12-13262-BLS |
| Debtors. | : | (Jointly Administered) |

| | | |
|---|---|---|
| FRED C. CARUSO, TRUSTEE., | : | |
| | : | Adv. No. 14-50977-BLS |
| Plaintiff, | : | Adv. No. 14-50984-BLS |
| | : | |
| v. | : | |
| | : | |
| SCOTT R. HOFMEISTER, *et al.*, | : | Civ. No. 18-207-CFC |
| | : | Civ. No. 18-208-CFC |
| Defendants. | : | |

Laura Davis Jones, PACHULSKI STANG ZIEHL & JONES LLP, Wilmington, Delaware,

    *Counsel for Plaintiff*

Sheldon S. Toll, LAW OFFICE OF SHELDON S. TOLL, PLLC, Southfield, Michigan; Evan O. Williford, THE WILLIFORD FIRM LLC, Wilmington, Delaware,

    *Counsel for Defendant*

## **MEMORANDUM OPINION**

July 8, 2019
Wilmington, Delaware

_____

CONNOLLY, UNITED STATES DISTRICT JUDGE

## I.    INTRODUCTION

Pending before the Court is the Bankruptcy Court's Order, Report, and

Recommendations, dated November 30, 2017 (D.I. 1)[1] ("Report and

Recommendations"), in which the Bankruptcy Court recommends that this Court

enter judgment against Scott. R. Hofmeister ("Defendant") and in favor of plaintiff

("Trustee") in the above-referenced adversary proceedings ("Adversary

Proceedings"), in the total amount of $194,999.94, plus post-judgment interest.  In

accordance with the Report and Recommendations, the Bankruptcy Court's

Memorandum Order Granting Summary Judgment, dated November 15, 2017

("Opinion"), constitutes the Bankruptcy Court's proposed findings of fact and

conclusions of law ("FFCL") in support of final judgment, as required by Federal

Rules of Bankruptcy Procedure 7052 and 9033.[2]  Defendant objected to certain of

_____

[1] The dockets of Civ. No. 18-207-CFC and Civ. No. 18-208-CFC are identical.
For ease of reference, all citations herein are to Civ. No. 18-207-CFC.
[2] The Opinion constituted the Bankruptcy Court's findings of fact and conclusions
of law as required by Bankruptcy Rule 7052.  Bankruptcy Rule 9033 provides that,
in any proceeding in which the Bankruptcy Court has issued proposed findings of
fact and conclusions of law, this Court shall review _de novo_ "of any portion of the
bankruptcy judge's findings of fact or conclusions of law to which specific written
objection has been made . . . "  FED. R. BANKR. P. 9033.

the proposed FFCL (D.I. 3, 4) ("Objections").[3] Defendant has also filed with this

Court a copy of a Motion for Reconsideration, dated November 29, 2017, which

Defendant filed with respect to the Opinion (D.I. 2) ("Motion for

Reconsideration"). For the reasons set forth herein, the Court denies the Motion

for Reconsideration as moot,[4] overrules Defendant's Objections, and adopts the

proposed FFCL submitted by the Bankruptcy Court.

## II.    BACKGROUND

This dispute arises in the chapter 11 bankruptcy cases of debtors Revstone

Industries, LLC ("Revstone") and Spara LLC ("Spara"), which were commenced

---

[3] Defendant's Objections, filed at D.I. 3 and D.I. 4, are substantially identical. The Objections dated November 29, 2017 (*see* D.I. 4) were filed before the Bankruptcy Court's issuance of its Report and Recommendations on November 30, 2017. Defendant asserts that the Objections were filed again on December 3, 2017 (*see* D.I. 3) in order to comply with Bankruptcy Rule 9033(b), which requires Objections to be filed within 14 days "after" being served with proposed findings of fact and conclusions of law. (*Compare* D.I. 4 at 2, n. 3 *with* D.I. 3 at 2, n. 3). The Court makes no comment on whether such duplicate filing was necessary to comply with Bankruptcy Rule 9033(b). For ease of reference, Defendant's Objections are cited herein at D.I. 4.

[4] The Motion for Reconsideration was filed on November 29, 2017, the day before the Bankruptcy Court issued its Report and Recommendations. The Motion for Reconsideration was filed solely on the grounds that Defendant did not consent to entry of a final judgment by the Bankruptcy Court. The Report and Recommendations make clear that the Opinion constitutes proposed FFCL submitted by the Bankruptcy Court for review by this Court. As the Opinion was not a final judgment, the Court agrees with Trustee that the Motion for Reconsideration is moot.

in December 2012. Defendant's father, George Hofmeister,[5] was the chairman and sole manager of Revstone, Spara, and related entities. Following the confirmation of the debtors' Chapter 11 plan, various pending litigation matters (including the Adversary Proceedings) were transferred to the Revstone/Spara Litigation Trust, and the Trustee was authorized to litigate the Adversary Proceedings. Trustee's complaints[6] initiating the Adversary Proceedings asserted, *inter alia*, claims to recover (i) a fraudulent pre-petition transfer of $70,000 from Spara to Defendant, which Defendant then used to pay his tuition at Harvard Business School and his wife's tuition at Babson College; and (ii) fraudulent pre-petition and unauthorized post-petition transfers totaling $124,999.94 from Revstone to Defendant in 2012, while Defendant was a full-time student at Harvard Business School, and while, the complaint alleges, Defendant was not performing any services for Revstone.

Pursuant to 11 U.S.C. §§ 544(b)(1), 548, 550, and 6 Del. C. § 1305, the Trustee must prove the following in order to avoid the pre-petition transfers:

i)   The transfer was a transfer of the relevant debtor's interest in property;
ii)  The relevant debtor made the transfer without receiving reasonably equivalent value;

---

[5] At present, George Hofmeister is serving a 41-month sentence in federal prison, having pled guilty in October 2017 to theft from his companies' pension plan(s) and money laundering.

[6] See *Revstone Industries, LLC v. Scott R. Hofmeister, et al.*, Adv. No. 14-50977-BLS, D.I. 1 ("Revstone Complaint"); *Spara, LLC v. Scott R. Hofmeister, et al.*, Adv. No. 14-50984-BLS, D.I. 1 ("Spara Complaint").

iii) The relevant debtor was insolvent at the time of the transfer, or became insolvent as a result of the transfer; and

iv) At least one creditor [i.e., a "predicate creditor"] of the relevant debtor held an unsecured, allowable claim against the debtor that arose before the transfer was made.

Pursuant to 11 U.S.C. §§ 549 and 550, a chapter 11 trustee or debtor-in-possession "may avoid a transfer of property of the estate … that occurs after the commencement of the case; and … that is not authorized under this title or by the court." 11 U.S.C. §§ 549, 550.

On April 14, 2017, Trustee moved for summary judgment against Defendant in both Adversary Proceedings, seeking judgment in the total principal amount of $194,999.94 on the fraudulent and unauthorized post-petition transfer claims (Adv. No. 14-50977-BLS, D.I. 79 & Adv. No. 14-50984-BLS, D.I. 78) (the "Motions"). Following briefing and oral argument, the Bankruptcy Court issued the Opinion containing its FFCL. The Bankruptcy Court determined that Defendant did not meaningfully contest whether the transfers were each transfers of the relevant debtor's interest in property. (Opinion at ¶ 11, n.8). The Bankruptcy Court further determined that the Trustee had affirmatively established insolvency by presenting the Bankruptcy Court with the expert report of James Lukenda of Huron Consulting Services LLC ("Huron"). (Opinion, ¶ 12). The Bankruptcy Court determined that the lay declarations submitted by Defendant and the trustee of trusts established for Defendant and his siblings would be entitled to "little weight"

4

in light of the complexity of the debtors' business. (Opinion, ¶ 13). The Bankruptcy Court further determined that the Trustee had established facts sufficient to carry his burden of proof regarding predicate creditors because the claims filed by the predicate creditors identified by the Trustee had all been "deemed allowed" in the Chapter 11 case. (Opinion at ¶ 14). The Bankruptcy Court further determined that the evidence presented by Defendant on the issue of value rested on "hedged and conclusory statements" contained in three short paragraphs of a declaration by the debtors' former in-house counsel. (Opinion, ¶ 15). The Bankruptcy Court determined that this evidence did not "present or create a genuine issue as to any material fact sufficient to defeat" the Trustee's motion for summary judgment and, therefore, the Trustee "established that neither Revstone nor Spara received value for the pre- and post-petition transfers" to Defendant. (Opinion at ¶ 15).

On November 30, 2017, the Bankruptcy Court issued its Report and Recommendations to this Court, recommending that this Court adopt its FFCL and enter judgment in favor of the Trustee, and against Defendant, in the principal amount of $194,999.94 plus post-judgment interest. On December 4, 2017, Defendant filed his Objections to the proposed FFCL (D.I. 3, 4). On December 18, 2017, Trustee filed his response (D.I. 5). The proposed FFCL are now properly before this Court to render final judgment. The Court did not hear oral argument

because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. For the reasons set forth below, I adopt the proposed FFCL.

## III. JURISDICTION AND STANDARDS OF REVIEW

The Court has jurisdiction over this matter under 28 U.S.C. § 1334. Once a bankruptcy court determines that a pending matter is not a core proceeding under 28 U.S.C. § 157(b)(2) but is nonetheless related to a case under title 11, the court shall submit proposed findings of fact and conclusions of law to the district court. *See* 28 U.S.C. § 157(c)(1). Thereafter, "any final order or judgment shall be entered by the district court judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." *Id.* The Federal Rules of Bankruptcy Procedure provide that:

> The district judge shall make a *de novo* review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

FED. R. BANKR. P. 9033(d). "In conducting a *de novo* review, the Court must consider all of the Bankruptcy Court's findings and conclusions and afford them

no presumption of validity." *In re Montgomery Ward & Co.*, 2004 WL 323095, at

\*1 (D. Del. Feb. 13, 2004), *rev'd on other grounds*, 428 F.3d 154 (3d Cir. 2005).

The Bankruptcy Court recommended that this Court enter summary

judgment under Federal Rule of Civil Procedure 56. Pursuant to Rule 56, a court

"shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)

("Under Rule 56(c), summary judgment is proper if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."). If the moving party has

carried its burden, the nonmovant must then "come forward with specific facts

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

To defeat a motion for summary judgment, the nonmoving party must "do

more than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*,

409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must

present more than just bare assertions, conclusory allegations or suspicions to show

existence of a genuine issue") (internal quotation marks omitted). Although the

"mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-48. Finally, under the summary judgment standard, the Bankruptcy Court was required to "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## IV. ANALYSIS

Defendant objects to seven paragraphs of the Opinion. (D.I. 4 at 2-7). The Court addresses these arguments in turn.

### <u>Objection 1</u>: Opinion, ¶ 8

Defendant argues that "important [summary judgment] standards were not included and not followed by the Bankruptcy Court in the Order." (D.I. 4 at 2). Specifically, Defendant complains that the Bankruptcy Court failed to cite cases recognizing that credibility determinations, weighing of evidence, and drawing inferences from the facts are jury functions, not those of the Bankruptcy Court. (*Id.*) Additionally, Defendant asserts that the Bankruptcy Court failed to draw all inferences in favor of the non-moving party and failed to cite the standard that an

8

issue is genuine if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. (*Id.*)

The Court finds no error in the Bankruptcy Court's identification of the summary judgment standard. The Bankruptcy Court recited the correct summary judgment standard in paragraph 8 of its Opinion. Indeed, the court quoted from both Rule 56 and the Supreme Court's seminal decision in *Celotex*, 477 U.S. at 322-23. (*See* Opinion, ¶ 8).

The Court further finds no error in the Bankruptcy Court's application of the standard. While the disputes between the Trustee and Defendant must be viewed in the light most favorable to Defendant, Defendant was not automatically entitled to a presumption of correctness on a given factual issue "without offering any concrete evidence from which a reasonable juror could return a verdict in his favor and by merely asserting that the jury might, and legally could, disbelieve the [moving party's]" evidence. *Anderson*, 477 U.S. at 256-57. The Opinion consistently applied this standard and determined that Defendant failed to offer any concrete evidence to create a genuine issue of material fact. Contrary to Defendant's assertions, the Bankruptcy Court did not weigh any evidence or determine the truth of any matter. Rather, the Bankruptcy Court determined that Defendant failed to present anything in rebuttal to the Motions other than conclusory, self-serving, and hedged statements unsupported by any evidence.

**Objection 2: Opinion, ¶ 12**

Defendant objects to the Bankruptcy Court's holding that "the expert report of James Lukenda proved insolvency and there was no dispute as to a material fact regarding insolvency." (D.I. 4 at 3). Defendant did not retain an expert to rebut Mr. Lukenda's expert report or depose Mr. Lukenda about any of the conclusions in his expert report. Instead, Defendant relied on (i) lay opinions about the value of certain property provided in declarations from himself and the trustee of his irrevocable trust; (ii) putative circumstantial evidence of the Debtor's solvency; and (3) his contention that Mr. Lukenda's opinions were unreliable because of an alleged financial interest in the outcome of the litigation.

The Court agrees that the Bankruptcy Court correctly held that the Trustee met his burden of proving insolvency. Defendant was required to present "specific facts showing that there is a genuine issue for trial" and do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Defendant's response to Trustee's unrebutted expert opinion were two bare declarations, one by the Defendant himself and another by Homer W. McClarty, the Trustee of the Irrevocable Trust of Scott R. Hofmeister. The declarations contain no foundational facts, and each begins with a statement that the opinion that follows is based on the declarant's "perceptions" and is not based on scientific, technical, or other specialized knowledge. Defendant and Mr.

McClarty contended that Mr. Lukenda's solvency calculation used incorrect values for (i) Spara's assets and (ii) MPI, LLC, a Spara subsidiary. The declarations included unsubstantiated statements and calculations as to the values of Spara assets and MPI, LLC. The Bankruptcy Court held that Defendant's lay opinion testimony stated "little more than disagreement," which did not and cannot create a genuine issue of material fact. (Opinion, ¶13). The Court agrees and finds no genuine dispute as to any material fact as to the solvency of the Debtors.

Additionally, the Court agrees with Trustee that Defendant's reliance on alleged circumstantial evidence was misplaced. The three pieces of circumstantial evidence cited by Defendant fail to create a reasonable inference that a genuine dispute exists with respect to any material fact. First, Defendant cited to Spara's receipt of a $6 million loan in June 2011 as circumstantial evidence that it was solvent. That Spara borrowed money does not support the inference that Spara was solvent. Second, Defendant asserted that, because an unqualified audit opinion issued for Revstone in 2010 did not include an explanatory paragraph as to whether the auditor had substantial doubt as to Revstone's ability to continue as a going concern, such auditor must have concluded that Revstone was solvent. The lack of a going concern qualification in an audit opinion, however, does not lead to a reasonable inference that Revstone was solvent. Finally, Defendant cited to an auto industry report from 2010 that that forecasted an improving economic climate

11

and expected growth in 2010 the auto parts industry. An auto industry report with an improved outlook for the auto parts industry as a whole, however, does not create an inference that a specific company in the industry will experience growth. In short, none of the three pieces of circumstantial evidence provide affirmative evidence that create a triable issue of material fact on the issue of solvency.

Defendant relies on the *Marasco* decision for the premise that circumstantial evidence can defeat summary judgment. The court in *Marasco* did recognize that circumstantial evidence can be viewed in conjunction with other facts or evidence to preclude summary judgment. *Estate of Smith v. Marasaco*, 318 F.3d 497, 513-14 (3d Cir. 2003). However, in *Marasaco*, the Third Circuit was very careful to note that reliance on circumstantial evidence "does not alter the requirement that a party opposing summary judgment must present affirmative evidence – whether direct or circumstantial – to defeat summary judgment, and may not rely simply on the assertion that a reasonable jury could discredit the opponent's account." *Id.* at 514 (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)). The circumstantial evidence cited by the Defendant did not affirmatively create reasonable inferences as to the solvency of the Debtors.

The Court further agrees that the issue raised by Defendant with respect to Mr. Lukenda's impartiality, which is repeated in the Objection, lacks merit. The Bankruptcy Court held that the "Defendant's observations and concerns as to Mr.

Lukenda's role and motivations do not rise to a level that would indicate his conclusions are unreliable." (Opinion, n. 9). Based on a review of the record, the Court agrees that issues raised with respect to Mr. Lukenda's credibility are bare assertions that lack any support. Defendant repeats his argument that Mr. Lukenda's credibility is suspect because he allegedly has a financial interest in the outcome of this litigation. (D.I. at 4). There is, however, no evidence in the record to support Defendant's argument that Mr. Lukenda has a personal or financial interest in the outcome of this litigation. Mr. Lukenda is an employee of Huron, the administrative creditor of Revstone and Spara. Whether Huron recovers all of its fees and expenses currently outstanding does not give Mr. Lukenda a personal interest in recovery of money from the Defendant. Moreover, Defendant failed to depose Mr. Lukenda and inquire as to his alleged personal interest in the outcome of this litigation, and there is no evidence to support Defendant's argument that Mr. Lukenda's compensation is dependent on whether Huron recovers its administrative expenses or not. Defendant's argument to the contrary is mere conjecture, and the Bankruptcy Court appropriately rejected it.

**Objection 3: Opinion, ¶ 13**

Defendant objects to the Bankruptcy Court's conclusion that the lay opinions offered by Defendant were admissible but that "little weight" should be given them. (D.I. 4 at 5). Thus, Defendant implies that the Bankruptcy Court

weighed conflicting evidence and, consequently, failed to adhere to the standards governing summary judgment.

The Court disagrees with Defendant's contention that the Bankruptcy Court weighed the evidence. The Bankruptcy Court stated that "... the complexity of a solvency analysis in a large chapter 11 case *suggest* that the Court give little weight to the lay opinions put forth by the Defendant." (Opinion, ¶ 13 (emphasis added)). Rather than weigh the lay opinions, the Bankruptcy Court simply held that the lay opinions did nothing "more than state mere disagreement" that was insufficient to create a genuine issue as to any material fact. (*Id.*)

**Objection 4: Opinion, ¶ 14**

Defendant argues that the Bankruptcy Court made an erroneous conclusion of law rejecting his argument that, because two of the claims were late filed and the third claim identified no liability, the Trustee's creditors were not predicate creditors. According to Defendant, "[o]nly claims that are timely filed under 11 U.S.C. § 501 can be deemed allowed under 11 U.S.C. § 502, which section specifically references § 501." (D.I. 4 at 6).

Under § 502(a) of the Bankruptcy Code, filed claims are deemed allowed unless objected to. *See In re Jensen*, 232 B.R. 118, 120 (Bankr. N.D. In. 1999) ("As the process now works, a creditor files its claim, alà § 501: then, through § 502(a), that claim is deemed allowed, unless it is objected to. Thus, even late

claims are deemed allowed unless objected to.") Neither the Trustee nor the

Debtors before him objected to the claims of the two predicate creditors.

Accordingly, both are allowed claims and the claimants are valid predicate

creditors.

Finally, Defendant repeats his argument that there is no liability for the third

predicate claim relied on by the Trustee. This argument is based on statements by

Defendant in his own declaration that there is purportedly no liability for the claim.

The Court finds this argument irrelevant, as the third predicate claim was not

objected to by the Debtors or Trustee. Thus, by law, it is deemed allowed, and

such creditor is a predicate creditor.

### **Objection 5: Opinion, ¶ 15**

Defendant objects to the Bankruptcy Court's rejection of the declaration of

Daniel V. Smith, former general counsel of Revstone. (D.I. 4 at 6). Defendant

argues that rejection of Mr. Smith's declaration "was improper weighing of

Smith's testimony and/or his credibility." *Id.* Defendant asserts that Mr. Smith's

declaration creates a genuine issue of material fact as to value because, according

to Mr. Smith, Defendant "contributed value" and "had unpaid bonuses."

The Court disagrees. Defendant was required to "do more than show that

there is some metaphysical doubt as to the material facts." *Kaucher v. Cty. of

Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). There must be an evidentiary basis on

which to find for the non-moving party. Having reviewed the declaration, the Court agrees with the Bankruptcy Court that Mr. Smith's declaration contained "hedged and conclusory statements" that did not create a genuine issue as to any material fact. (Opinion, ¶ 16). There is no evidentiary substance to Mr. Smith's declaration, and it lacks any detail. Each of Mr. Smith's statements is hedged, as each begins with "it is my understanding." Regarding Defendant's services, Mr. Smith states that Defendant's services contributed value to the Debtors, but this statement lacks any detail as to what those services were. The same is true for the unpaid bonuses allegedly owed to the Defendant. Mr. Smith's declaration states his "understanding" that Defendant has unpaid bonuses, but he offers no detail as to what services the bonuses were for or the amount of such bonuses. Finally, with respect to the tuition reimbursement program, Mr. Smith provides a hedged statement that, to his knowledge, four people had their graduate school tuition paid for by the Debtors. There is no detail about the program or how it was determined that an employee was eligible. Moreover, even if a tuition reimbursement program existed or if certain employees did receive such a benefit, there is no assertion as to why Defendant was entitled to such a benefit. In sum, each of Mr. Smith's hedged and conclusory statements are lacking in detail and fail to present any specific facts to support the Defendant's argument.

Defendant's own testimony also fails to provide any detail as to his services for the Debtors that provided value. Defendant was "unable to identify any specific operating subsidiaries of Spara, or any specific work he performed for Spara or its subsidiaries." (Motions, ¶ 22). Moreover, he could not recall any detail of the matters he allegedly worked on. (*Id.* at ¶¶ 22-25). With respect to Revstone, all the transfers to Defendant were made while he was a full-time graduate student. (*Id.* at ¶ 29). The same holds true for the tuition reimbursements provided to Defendant's wife. At the hearing on the Motions, when asked directly by the Bankruptcy Court, counsel for the Defendant admitted that Defendant's wife did not work for Spara. (*See* 10/4/17 Hr'g Tr. at 33:21-33:23). Mr. Smith's declaration is devoid of any statement that Defendant's wife was entitled to tuition reimbursement or provided any services to the Debtors. The Bankruptcy Court correctly held that Mr. Smith's declaration consisted of "hedged and conclusory statements" and did not present or create a genuine issue as to any material fact. (Opinion, ¶ 15).

**Objection 6: Opinion, Footnote 12**

Defendant objects to the Bankruptcy Court's holding that Defendant did not contest that the tuition payments made to or for the benefit of the Defendant's wife were fraudulent conveyances. (*See* Opinion, ¶ 15 n. 12). According to Defendant, his argument that the Debtors were solvent translates to a denial of the fraudulent

conveyance claim against Defendant's wife because the insolvency of the transferor is one of the criteria that must be met for a fraudulent conveyance.

The Court disagrees that there is any error in the Bankruptcy Court's determination. First, the Bankruptcy Court properly concluded that the Debtors were insolvent. The unrebutted expert report of Mr. Lukenda leaves no dispute as to the solvency of the Debtors, and the Bankruptcy Court properly rejected Defendant's attempts to create a dispute as to the material fact of solvency through circumstantial evidence and lay opinion that set forth mere disagreement. Second, there is simply no information in the record to suggest that Defendant's wife provided reasonably equivalent value to the Debtors. Defendant's wife was never employed by Spara. As discussed above, when asked directly by the Bankruptcy Court, counsel for Defendant admitted that Defendant's wife did not work for Spara. (10/4/17 Hr'g Tr. at 33:21-33:23).

**Objection 7: Opinion, ¶ 16**

Defendant's final objection is a general objection to the Bankruptcy Court's holding that the Trustee is entitled to summary judgment on the claims asserted against Defendant. Trustee responds that he is entitled to summary judgment against Defendant on the First and Second Claims for Relief in the Revstone Complaint and the First and Second Claims for Relief in the Spara Complaint, seeking to recover a total of $194,999.94 transferred by the George Hofmeister-

controlled Revstone and Spara to or for the benefit of Defendant. Trustee argues that he has carried his burden of establishing that there is no genuine dispute that Spara transferred $70,000 to Defendant to pay his Harvard Business School tuition bills and his wife's tuition at Babson College, and that Spara received no benefit from those transfers. Trustee argues that he has carried his burden of establishing that there is no genuine dispute that Revstone transferred $124,999.94 to Defendant as wages plus withholding taxes on wages, and that, at the time of those wage transfers, Defendant was not doing any work for Revstone and that Revstone received no benefit for those transfers.

The Court agrees that the Trustee has carried his burden in establishing that Spara and Revstone are entitled to summary judgment. As set forth in Mr. Lukenda's unrebutted expert report, both Debtors were insolvent at the time of the pre-petition transfers to Defendant. Second, by his own testimony, neither Defendant nor his wife were employed by Spara, and Defendant could not identify with any specificity or accuracy what services or anything of value provided to Spara. With respect to Revstone, Defendant confirmed that at the time he was purportedly employed by Revstone, he was attending graduate school in Boston, Massachusetts and was not involved with Revstone's activities. Third, the Trustee identified at least one predicate creditor with respect to each of the Debtors that

had valid, allowed claims against the Debtors at the times of the transfers to Defendant (and his wife).

In sum, the Trustee carried his burden by providing expert evidence on insolvency and an undisputed factual record with respect to reasonably equivalent value and the existence of predicate creditors. Defendant's Objection is rejected, and the Trustee is entitled to summary judgment.

## V.     CONCLUSION

For the foregoing reasons, the Court overrules Defendant's Objections and adopts the Bankruptcy Court's proposed FFCL. The Court will issue a separate Order consistent with this Memorandum Opinion.